```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

| | |
|---|---|
| RONNIE RODRIGUEZ, | Case No.: |
| Plaintiff, | COMPLAINT |
| - against – | |
| UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC., PARHAR TRUCKING INC, and JOHN DOE, | PLAINTIFF DEMANDS A TRIAL BY JURY |
| Defendants. | |

```
-----------------------------------------------------------X
```

Plaintiff, RONNIE RODRIGUEZ ("plaintiff"), by and through his attorneys, PANZAVECCHIA & ASSOCIATES, PLLC., as and for a complaint against Defendants, UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC., PARHAR TRUCKING INC. and JOHN DOE, sets forth and respectfully alleges upon information and belief as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, RONNIE RODRIGUEZ, is an individual residing in and a citizen of the State of New Jersey.

2. At all times hereinafter mentioned, Defendant, UBER TECHNOLOGIES, INC, was and still is a foreign corporation headquartered in San Francisco, California. UBER TECHNOLOGIES, INC. is authorized to conduct business in the State of New York.

3. At all times hereinafter mentioned, Defendant, MRJM ENTERPRISES INC., was and still is a domestic business corporation headquartered in Patchogue, New York, duly organized to conduct business in the State of New York.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RONNIE RODRIGUEZ,

        Plaintiff,

- against –

UBER TECHNOLOGIES, INC., KARAMOTO KOBA,
MRJM ENTERPRISES INC., PARHAR TRUCKING
INC, and JOHN DOE,

        Defendants.

------------------------------------------------------------X

Case No.:

COMPLAINT

PLAINTIFF DEMANDS A
TRIAL BY JURY

  Plaintiff, RONNIE RODRIGUEZ ("plaintiff"), by and through his attorneys, PANZAVECCHIA & ASSOCIATES, PLLC., as and for a complaint against Defendants, UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC., PARHAR TRUCKING INC. and JOHN DOE, sets forth and respectfully alleges upon information and belief as follows:

## PARTIES

1. At all times hereinafter mentioned, Plaintiff, RONNIE RODRIGUEZ, is an individual residing in and a citizen of the State of New Jersey.

2. At all times hereinafter mentioned, Defendant, UBER TECHNOLOGIES, INC, was and still is a foreign corporation headquartered in San Francisco, California. UBER TECHNOLOGIES, INC. is authorized to conduct business in the State of New York.

3. At all times hereinafter mentioned, Defendant, MRJM ENTERPRISES INC., was and still is a domestic business corporation headquartered in Patchogue, New York, duly organized to conduct business in the State of New York.

4. At all times hereinafter mentioned, Defendant, PARHAR TRUCKING INC. was and still is a foreign corporation headquartered Monteca, California. PARHAR TRUCKING INC. is authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE

5. Plaintiff, RONNIE RODRIGUEZ, is a citizen of the State of New Jersey for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. Defendants, UBER TECHNOLOGIES and PARHAR TRUCKING INC., are citizens of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7. Defendant, MRJM ENTERPRISES INC., is a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8. The Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

9. Defendants are each subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391 as defendant, MRJM ENTERPRISES INC., is a resident of and/or domiciled in this district, defendants were authorized to conduct business in this district, and the events giving rise to the claims occurred in this district, namely, Queens County, New York.

## FACTUAL ALLEGATIONS

10. At all times hereinafter mentioned, Plaintiff, RONNIE RODRIGUEZ, on the 22nd Day of November, 2021, was lawful a passenger of a certain Toyota Camry motor vehicle bearing plate number T760105C for the State of New York, for the year 2016.

11. At all times hereinafter mentioned, Defendant, KARAMOTO KOBA, on the 22nd Day of November, 2021, was employed, as an agent, and/or a partner with the co-defendant, UBER TECHNOLOGIES, INC., in that, KARAMOTO KOBA, was engaged in a joint venture agreement with UBER TECHNOLOGIES, INC., whereby said parties did share in the fees generated when the plaintiff ordered said vehicle for transportation on the 22tnd Day of November, 2021.

12. At all times hereinafter mentioned, Defendant, KARAMOTO KOBA, on the 22nd Day of November, 2021, was operating his vehicle, a certain Toyota Camry motor vehicle bearing license plate number T760105C for the State of New York, for the year of 2021, under the direction of his employer, agent, and/or partner, Defendant, UBER TECHNOLOGIES, INC.

13. At all times hereinafter mentioned, Defendant, KARAMOTO KOBA, on the 22nd Day of November, 2021, was the operator of a certain Toyota Camry motor vehicle bearing license plate number T760105C for the State of New York, for the year of 2021.

14. At all times hereinafter mentioned, Defendant, MRJM ENTERPRISES INC., on the 22nd Day of November, 2021, was the owner of a certain Toyota Camry motor vehicle bearing license plate number T760105C for the State of New York, for the year of 2021.

15. At all times hereinafter mentioned, Defendants, UBER TECHNOLOGIES, INC., KARAMOTO KOBA, and MRJM ENTERPRISES INC., on the 22nd Day of November, 2021, maintained a certain Toyota Camry motor vehicle bearing license plate number T760105C for the State of New York, for the year of 2021.

16. At all times hereinafter mentioned, Defendants, UBER TECHNOLOGIES INC., KARAMOTO KOBA, and MRJM ENTERPRISES INC., on the 22nd Day of November,

2021, controlled a certain Toyota Camry motor vehicle bearing license plate number T760105C for the State of New York, for the year of 2021.

17. At all times hereinafter mentioned, Defendant, JOHN DOE, on the 22nd Day of November, 2021, was the operator of a certain 2020 WANC Trailer motor vehicle bearing plate number 4TE6497 for the State of New York, for the year 2021.

18. At all times hereinafter mentioned, Defendants, PARHAR TRUCKING INC. and JOHN DOE, on the 22nd Day of November, 2021, were the owners of a certain 2020 WANC Trailer motor vehicle bearing plate number 4TE6497 for the State of New York, for the year 2021.

19. At all times hereinafter mentioned, Defendants, PARHAR TRUCKING INC. and JOHN DOE, on the 22nd Day of November, 2021, maintained a certain WANC Trailer motor vehicle bearing plate number 4TE6497 for the State of New York, for the year 2021.

20. At all times hereinafter mentioned, Defendants, PARHAR TRUCKING INC. and JOHN DOE, on the 22nd Day of November, 2021, controlled a certain WANC Trailer motor vehicle bearing plate number 4TE6497 for the State of New York, for the year 2021.

21. Plaintiff, RONNIE RODRIGUEZ, on the 22nd Day of November, 2021 at approximately 12:10 p.m. used the UBER application to contact a transport provider for car service from Defendant, UBER TECHNOLOGIES, INC.

22. At all times hereinafter mentioned, Defendant, KARAMOTO KOBA, on the 22nd Day of November, 2021 at approximately 12:10 p.m., under the direction of the UBER application operated by UBER TECHNOLOGIES, INC., picked up the plaintiff, RONNIE RODRIGUEZ, to provide car service and transport.

23. At all times hereinafter mentioned, on the 22nd Day of November, 2021, Defendant, KARAMOTO KOBA, was a driver/transported provider who was operating his vehicle

utilizing the UBER application which is operated by UBER TECHNOLOGIES, INC., and as such was an agent, employee, and/or partner of the Defendant, UBER TECHNOLOGIES, INC.

24. Upon information and belief, the plaintiffs allege at all time material to this complaint, UBER TECHNOLOGIES, INC. was the employer of Defendant, KARAMOTO KOBA, and/or his partner and/or agency relationship existed between them on this 22nd Day of November, 2021.

25. At all times hereinafter mentioned, Atlantic Avenue, at/near the intersection of 133rd and 134th Streets, County of Queens and State of New York, was and still is a public roadway.

26. That on the 22nd Day of November, 2021, at approximately 12:10 p.m., on Atlantic Avenue at/ near the intersection of 133rd and 134th Streets, County of Queens and State of New York, the motor vehicle owned and operated by Defendant, KARAMOTO KOBA, and under the scope of employment, partnership, and/or agency relationship with UBER TECHNOLOGIES, INC., came into contact and collided with the motor vehicle owned by PARHAR TRUCKING INC. and operated by Defendant, JOHN DOE.

27. As a result thereof, Plaintiff, RONNIE RODRIGUEZ, who was a passenger of said Toyota Camry, operated and owned by KARAMOTO KOBA, under the direction and discretion of UBER TECHNOLOGIES, INC., was seriously and severely injured.

28. That the said occurrence and serious and severe injuries sustained by the Plaintiff, RONNIE RODRIGUEZ, was caused through and by reason of the carelessness, recklessness and negligence of the Defendants, UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC., PARHAR TRUCKING INC, and JOHN DOE, in causing and permitting their said motor vehicles to be operated in a

negligent manner; in failing and omitting to have their said motor vehicles under proper and reasonable control; in carelessly and negligently causing and permitting their said motor vehicles to be operated over and along a public highway at a high and/or excessive rate of speed and/or at a greater rate of speed than care and caution would permit under the circumstances and conditions then and there existing to the knowledge of the Defendants, UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC., PARHAR TRUCKING INC, and JOHN DOE; in causing and permitting their said motor vehicles to be operated in a manner contrary to and in violation of the statutes, regulations, and ordinances in such cases made and provided and then and there in effect; in carelessly and negligently failing and omitting to provide and/or make proper, prompt and timely use of adequate and efficient brakes, signaling devices and steering mechanisms; in carelessly and negligently failing and omitting to keep and maintain a proper lookout and be alert; in carelessly and negligently failing and omitting to yield the right of way to another motor vehicle, then in the roadway in question; and that the Defendants, UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC., PARHAR TRUCKING INC., and JOHN DOE, were otherwise careless and negligent in failing and omitting to take proper and suitable precautions to avoid said occurrence.

29. At all relevant times herein, Defendants, UBER TECHNOLOGIES, INC. and KARAMOTO KOBA, acted jointly to provide said transportation to plaintiff.

30. At all relevant times, Defendant, UBER TECHNOLOGIES, INC., was negligent in maintaining Defendant, KARAMOTO KOBA, as a listed and approved Uber driver and did fail to properly research said driver's background and/or driving record and ability too safely transport passengers through the Uber call system in New York City.

31. At all relevant times, Defendant, UBER TECHNOLOGIES, INC. was negligent in allowing Defendant, KARAMOTO KOBA, as a listed approved Uber driver and to take calls to transport passengers on the 22nd Day of November, 2021, when it knew or reasonably should have known of the dangerous driving propensities/record of Defendant, KARAMOTO KOBA, nor did it take any precautionary steps to assure Defendant, KARAMOTO KOBA, could safely transport passengers through the Uber call system throughout new York City on the 22nd Day of November, 2021.

32. At all relevant times herein, Defendants, PARHAR TRUCKING INC. and JOHN DOE, acted jointly.

33. At all relevant times, Defendant, PARHAR TRUCKING INC., was negligent in maintaining Defendant, JOHN DOE, as a driver of its trailer and did fail to properly research said driver's background and/or driving record and ability too safely operate the subject trailer.

34. At all relevant times, Defendant, PARHAR TRUCKING INC. was negligent in allowing Defendant, JOHN DOE, as an approved driver on the 22nd Day of November, 2021, when it knew or reasonably should have known of the dangerous driving propensities/record of Defendant, JOHN DOE, nor did it take any precautionary steps to assure Defendant, JOHN DOE, could safely operate the trailer in question.

35. The said occurrence and the serious and severe injuries sustained by the Plaintiff were caused without any negligence on the part of the Plaintiff in any manner contributing thereto.

36. As a result of the foregoing, the Plaintiff, RONNIE RODRIGUEZ, suffered serious injuries as defined in Section 5102, Subdivision (d) of the Insurance law of the State of New York.

37. As a result of the foregoing, Plaintiff sustained an injury resulting in dismemberment and/or significant disfigurement and/or fracture and/or permanent loss of use of a body organ, member, function or system and/or a permanent consequential limitation of use of a body organ or member and/or a significant limitation of use of a body function or system and/or a medically determined injury or impairment of a non-permanent nature which prevents the injured Plaintiffs from performing substantially all of the material acts which constitute such Plaintiffs' usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

38. By reason thereof, Plaintiff, RONNIE RODRIGUEZ, is entitled to recover for non-economic losses as are not included within the definition of "basic economic losses" as set forth in Section 5102, Subdivision A, of the Insurance Law of the State of New York.

39. Plaintiff is a "covered person" as defined in Article 51 of the Insurance Law of the State of New York.

40. This action falls within one or more of the exemptions set forth in Section 1602 of the CPLR.

41. By reason of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional limits of all courts lower, which would otherwise have jurisdiction over this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and for the following relief:

A. That judgment be entered against defendants for special damages, compensatory damages, and punitive/exemplary damages in an amount which shall be shown to be

reasonable and just by the evidence and in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs;

B.  That all costs of this action be assessed against Defendants, including all reasonable attorney's fees, costs and expenses of this action;

C.  Such other and further relief as the Court may deem just and proper.

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil procedure, plaintiffs demand a trial by jury of all issues properly triable by a jury in this action.

Dated: Garden City, New York
April 15, 2022

Respectfully submitted,

PANZAVECCHIA & ASSOCIATES, PLLC.

By: _____
Mark A. Panzavecchia, Esq.
*Attorneys for Plaintiff*
RONNIE RODRIGUEZ
1000 Franklin Avenue, Suite 204
Garden City, New York 11530
Phone: (516) 776-9494
Fax: (516) 776-9406

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                         Case No.:
===================================================================

RONNIE RODRIGUEZ,

                                                              Plaintiff,
                              -against-

UBER TECHNOLOGIES, INC., KARAMOTO KOBA, MRJM ENTERPRISES INC.,
PARHAR TRUCKING INC, and JOHN DOE,

                                                              Defendants.
===================================================================

                    SUMMONS & VERIFIED COMPLAINT

===================================================================

                PANZAVECCHIA & ASSOCIATES, PLLC.
                      *Attorneys for Plaintiff*
                        RONNIE RODRIGUEZ
                    1000 Franklin Avenue, Suite 204
                     Garden City, New York 11530
                  Tel (516) 776-9494 Fax (516) 776-9406
===================================================================

| Service of a copy of the within | is hereby admitted |
|---|---|
| Dated: 4/15/22 | _____ |
| | Attorney(s) for |

**PLEASE TAKE NOTICE**

_____   **NOTICE OF ENTRY**
          That the within is a (certified) true copy of an ORDER entered in the office
of the Clerk of the within named court on

_____   **NOTICE OF SETTLEMENT**
          That the ORDER of which the within is a true copy will be presented for
settlement to the Hon.         One of the judges of the within named court, at the
courthouse located at          New York, on              , 2022 at 10:00 a.m.

Dated: Garden City, New York
       April 15, 2022

                                        PANZAVECCHIA & ASSOC., PLLC.
                                        1000 Franklin Ave., Suite 204
                                        Garden City, N.Y. 11530
                                        Phone: (516) 776-9494
                                        Fax:   (516) 776-9406